WO

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mohammad Jamal Khan, ) | No. CV-05-00560-PHX-SRB |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Michael Chertoff; Stephen Fickett, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

Pending before the Court is Defendants Michael Chertoff's and Stephen Fickett's Motion to Dismiss (Doc. 19). For the reasons that follow, the Motion is denied in part and granted in part.

**I.   BACKGROUND**

Plaintiff Mohammad Jamal Khan applied for naturalization on February 15, 2002. The United States Citizenship and Immigration Services ("CIS") interviewed Plaintiff on November 19, 2002 and requested a background check by the Federal Bureau of Investigation ("FBI") on December 26, 2002. CIS received the completed background investigation from the FBI on October 27, 2005.

Plaintiff filed this Complaint on February 18, 2005. Defendants filed a Motion to Dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure on November 15, 2005 and moved, in the alternative, for an order under 8 U.S.C. § 1447(b) to remand the matter to CIS.

## II. LEGAL STANDARDS AND ANALYSIS

### A. Subject Matter Jurisdiction

Defendants move to dismiss this Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff argues that jurisdiction is granted by the Immigration and Nationality Act of 1990 ("INA"), which provides:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b) (1990). "Under § 1447(b), the court has the last word by exercising exclusive jurisdiction over those naturalization applications on which the INS has failed to act in a timely fashion." *United States v. Hovsepian*, 359 F.3d 1144, 1162 (9th Cir. 2004) (en banc).

Whether this Court has subject matter jurisdiction depends on the meaning of "examination" in 8 U.S.C. § 1447(b). Plaintiff contends that the word "examination" refers to the initial interview which occurred on November 19, 2002, relying on *El-Daour v. Chertoff*, 417 F. Supp. 2d 679, 683 (W.D. Pa. 2005) (holding that the interview date was the date of "examination"). *See also Castracani v. Chertoff*, 377 F. Supp. 2d 71 (D.C.D.C. 2005).

Defendants argue that the word "examination" refers to the entire investigative process. *Danilov v. Aguirre*, 370 F. Supp. 2d 441, 443 (E.D. Vir. 2005). In *Danilov*, the court held that "an examination is not a single event, but instead is essentially a *process* the agency follows to gather information concerning the applicant." *Id.* According to Defendants, the "examination" was not completed until the FBI returned the criminal background check.

1  Most district courts addressing the issue have rejected the reasoning in *Danilov*,
2  determining that an "examination" is a discrete event rather than an indeterminate process.
3  *See, e.g., El-Daour,* 417 F. Supp. 2d at 683; *Khelifa v. Chertoff*, 2006 WL 1593972, at *5
4  (E.D. Mich. June 9, 2006); *Meyersiek v. U.S. Citizenship and Immigration Serv.*, 2006 WL
5  1582397, at *3 (D. R.I. June 6, 2006); *Al-Kudsi v. Gonzales*, 2006 WL 752556, at *2 (D. Or.
6  Mar. 22, 2006); *Shalan v. Chertoff*, 2006 WL 42143, at *1 (D. Mass. Jan. 6, 2006); *Essa v.
7  U.S. Citizenship & Immigration Serv.*, 2005 WL 3440827, at *2, n.2 (D. Minn. Dec. 14,
8  2005).

9  This interpretation is persuasive for several reasons. First, the statutory language,
10 specifying that the 120-day period begins to run on "the date on which the examination is
11 conducted," strongly implies that there is a single date on which the examination occurs. *El-*
12 *Daour*, 417 F. Supp. 2d at 681. Second, the regulations differentiate between the
13 examination and the criminal background checks, providing that CIS notify the applicant to
14 appear for the "initial examination" *after* the background check is completed. 8 C.F.R. §
15 335.2(b). *See El-Daour*, 417 F. Supp. 2d at 682-83. Third, the regulations also specify that
16 "[a] decision to grant or deny the application shall be made at the time of the initial
17 examination or within 120-days after the date of the initial examination of the applicant for
18 naturalization under § 335.2," indicating that the agency itself interprets the statutory
19 meaning of examination to be the initial examination and not the entire process. 8 C.F.R. §
20 335.3(a).

21 The statutory and regulatory language clearly supports the interpretation that the 120-
22 day period begins to run after the *initial* examination rather than after the conclusion of the
23 entire examination process. Thus, as CIS did not meet the 120-day deadline for making its
24 determination, this Court has jurisdiction under § 1447(b).

**B.    Remand**

Section 1447(b) also provides that the district court has discretion to "either determine the matter or remand the matter [to CIS], with appropriate instructions."  8 U.S.C. § 1447(b).  Plaintiff argues that he may face further delays if the case is remanded to CIS.  Defendants argue that since the FBI background check has been completed, CIS is now able to complete the process and reach a decision regarding Plaintiff's application for naturalization.

In *Khelifa*, as here, the background check was complete and the court decided to remand. *Khelifa*, 2006 WL 1593972, at *6.  The court noted its concerns that the agency is better able to identify "potentially problematic information that has been uncovered in a background check, and . . . determine whether this information truly reflects legitimate national security or public safety concerns." *Id.*

The Court finds this reasoning persuasive and sees no reason why CIS should not be entrusted to render a decision in this matter.  With the completed background check, CIS should be able to assess the information it has collected and make a prompt determination.

**IV.    CONCLUSION**

The Court has jurisdiction pursuant to § 1447(b) because more than 120 days have passed since Plaintiff's examination and CIS has not made a determination.  As CIS has the results of the background investigation, the Court remands the matter to CIS, with instructions that CIS issue a determination within 120 days.

**IT IS ORDERED** granting in part and denying in part Defendants' Motion to Dismiss (Doc. 19).

**IT IS FURTHER ORDERED** remanding this matter to CIS with instructions to make its determination on Plaintiff's application for naturalization within 120 days of the date of this order.

DATED this 14th day of July, 2006.

*/s/ Susan R. Bolton*
Susan R. Bolton
United States District Judge